**INSULATION CORPORATION OF AMERICA, Plaintiff,**

v.

**SPORTSPLEX, INC., and Sportsplex Associates, Defendants.**

**Civ. A. No. 89–2158–O.**

United States District Court,
D. Kansas.

July 24, 1989.

Charles E. Fowler, III, McDowell, Rice & Smith, Chartered, Kansas City, Kan., for plaintiff.

Timothy M. O'Brien and William R. Sampson, Shook, Hardy & Bacon, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of the defendants to dismiss for lack of personal jurisdiction. *See* Fed.R. Civ.P. 12(b)(2). The plaintiff Insulation Corporation of America (ICA) brought this breach of contract action against the defendants, asserting diversity jurisdiction under 28 U.S.C. § 1332.

The pertinent facts are as follows: ICA, a Kansas corporation with its principal place of business in Kansas, is in the business of manufacturing and installing insulation systems for metal buildings. The defendant Sportsplex, Inc., is a Nevada corporation with its principal place of business in New Jersey. The defendant Sportsplex Associates is a New Jersey partnership with its principal place of business in New Jersey. The defendants have no property or employees in Kansas, and they do no business or solicitation in the state.

Sportsplex, Inc., needed an insulation system for a health club facility it was building in New Jersey. Remembering a brochure sent by ICA (Sportsplex, Inc., was included on a mailing list which ICA obtained from a fitness industry trade group), John Macchiaverna, the vice president of Sportsplex, Inc., called ICA's toll-free number to discuss the purchase of an insulation system. In his affidavit, Lex Kessler, the vice president of ICA, states that he explained to the defendants that ICA was located in Kansas, and that representatives would visit out-of-state sites to estimate prices only if the customer is certain that it wants to purchase an insulation system. Macchiaverna and Kessler telephoned each other several times in regard to the possible insulation work; Macchiaverna's calls were to ICA's toll-free number. Additionally, Kessler sent the defendants literature regarding insulation systems, including a general brochure, which indicated at its close that ICA is located in Kansas, and a three-page estimate, each page of which indicated that ICA was located in Kansas. No negotiations between the parties took place in Kansas.

The parties agreed that ICA would provide the insulation system for the sports facility, but they did not execute a written contract. ICA alleges that the defendants signed and returned a copy of the estimate, but that the signed copy was misplaced.

ICA designed, fabricated, and partially assembled the insulation system in Kansas, and then shipped it to New Jersey. Installation was completed on October 25, 1988. As yet, the defendants have made no payments on the contract because they contend that (1) ICA is demanding an amount which exceeds the terms of the agreement, and (2) the insulation system is faulty. ICA brought this action, seeking damages for breach of contract.

ICA bears the burden of proof regarding personal jurisdiction. *Hoffman v. United Telecommunications, Inc.,* 575 F.Supp. 1463, 1469 (D.Kan.1983). However, it must only make a prima facie showing that the constitutional and statutory requirements for the assumption of personal jurisdiction are met. *Id.* (citing cases). In considering whether ICA has met this burden, the allegations in its complaint are taken as true unless controverted by affidavit, and any

conflicting affidavits are to be construed in ICA's favor. *Behagen v. Amateur Basketball Association of the United States,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985).

In determining personal jurisdiction questions in diversity cases, a two-step analysis is applied: The court must decide whether the defendants have sufficient contacts with the forum state so that the exercise of jurisdiction is consistent with the constitutional requirements of due process. *See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (the minimum contacts requirement extends to federal courts sitting with diversity jurisdiction). Additionally, we must determine whether the law of the forum state authorizes the exercise of jurisdiction over the defendants. *See Yarbrough v. Elmer Bunker & Associates,* 669 F.2d 614, 616 (10th Cir.1982); *see also Hoffman,* 575 F.Supp. at 1469 (stating that the constitutional minimum contacts test and the state's jurisdictional statute must be satisfied).

Initially, we focus on the law of Kansas. ICA asserts that jurisdiction in this case is proper under subsection 5 of the Kansas long-arm statute, K.S.A. 60–308(b). The long-arm statute provides as follows:

> (b) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> > (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state ....

K.S.A. 60–308(b)(5).

In the instant action, the requirements of K.S.A. 60–308(b)(5) are met. ICA and the defendants entered into a contract for the installation of an insulation system. Under the contract, ICA installed in the defen-

dants' New Jersey sports facility an insulation system which was designed, fabricated, and partially assembled in Kansas. Thus, the contract was performed in part by ICA in Kansas, and the conditions of the long-arm statute are satisfied.

Next, we address the constitutional requirement of due process. The Tenth Circuit has endorsed a three-prong analysis for use when considering due process in the context of personal jurisdiction. *See Rambo v. American Southern Insurance Co.,* 839 F.2d 1415, 1419 n. 6 (10th Cir.1988) (adopting the three-stage analysis set forth by the Ninth Circuit in *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977)). As indicated in the discussion below, clear boundaries do not separate the three prongs.

First, the defendants must have minimum contacts with the forum state. In *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, the Supreme Court set forth the minimum contacts test, which requires that defendants in a state court action have sufficient contacts with the forum state such that the suit "does not offend 'traditional notions of fair play and substantial justice.'" *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 293, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980) (quoting *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940))).

Second, the defendants must "purposefully [avail themselves] of the privilege of conducting activities within the forum State." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The purposeful availment requirement "ensures that [defendants] will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

Third, the exercise of jurisdiction over the defendants must be reasonable. It must be "reasonable, in the context of our federal system of government, to require

the [defendants] to defend the particular [diversity] suit which is brought [in the federal district court of the forum state]." *International Shoe*, 326 U.S. at 317, 66 S.Ct. at 158. In making the reasonableness inquiry, the court must consider several factors, including

> the burden on the defendant[s], the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987) (quoting *World–Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564). The court must examine the quality and the nature of the defendants' contacts with the forum state to determine if it is reasonable to hale the defendants into court in the forum state. *Kulko v. Superior Court of California*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978).

In the instant action, the defendants entered into a contract with ICA, a Kansas corporation. In connection with the contract, the defendants made telephone calls to ICA in Kansas. Although they assert that they did not know the destination of their calls to the toll-free, "1–800" number, the assertion is not plausible in light of the fact that they had received literature with numerous indications that ICA was a Kansas corporation. Moreover, Kessler told the defendants that ICA was located in Kansas. Additionally, at least part of the contract (ICA's design, fabrication, and partial assembly of the insulation system) was to be performed in Kansas. Again, the defendants should have been aware that the contract would be partially performed in Kansas because of Kessler's statements and the literature that they received. Given these facts, we find that asserting jurisdiction over the defendants is consistent with the principles of fourteenth amendment due process. They had minimum contacts with the state of Kansas, and these contacts were the result of and pursuant to their decision to enter into a contract with a Kansas corporation to be partially performed in Kansas. As the Tenth Circuit recognized in *Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309 (10th Cir.1982), "modern commercial transactions often involve little contact with the forum beyond that of mail and telephone communications, and ... defending a suit in a foreign jurisdiction is not as burdensome as in the past." *Id.* at 1314 (citation omitted). Thus, this court's assertion of jurisdiction does not offend due process standards.

IT IS THEREFORE ORDERED that the motion of the defendants Sportsplex, Inc., and Sportsplex Associates to dismiss for lack of personal jurisdiction is denied.