Jimmy McCLELLAND,
individually, Plaintiff,

v.

WATLING LADDER COMPANY, a foreign corporation, and Westlake Hardware, Inc., a Delaware corporation, and Henry W. Buschman, individually, Defendants.

No. CIV–89–630–A.

United States District Court,
W.D. Oklahoma.

Feb. 9, 1990.

Thomas J. Steece, Simank & Steece, Oklahoma City, Okl., for plaintiff.

Ted Sherwood, Abel, Musser, Sokolosky & Clark, Oklahoma City, Okl., Michael L. Darrah, Huckaby Fleming Frailey Chaffin & Darrah, Oklahoma City, Okl., for defendants.

## ORDER

ALLEY, District Judge.

The plaintiff Jimmy McClelland commenced this action in April 1989 against Henry W. Buschman and the corporate defendants, Watling Ladder Company (Watling) and Westlake Hardware, Inc. (Westlake), pursuant to 28 U.S.C. § 1332. Grounding his action on theories of negligence, manufacturers' products liability, and breach of warranty, the plaintiff seeks to recover damages for personal injuries he allegedly suffered in Oklahoma when he fell from a ladder. The defendant Westlake has cross-claimed against Buschman, seeking full indemnification for any ensuing liability.

Presently, Buschman moves the Court to dismiss the principal action for lack of personal jurisdiction and for failure to state a claim. *See generally* Fed.R.Civ.P. 12(b)(2), (6). Buschman also moves the Court to dismiss the cross-claim because it rests on the allegedly flawed principal action. The Court need only reach the question of personal jurisdiction to find that, in all respects, the requested relief is appropriate.

### I.

■ The principles governing the disposition of jurisdictional motions to dismiss under Rule 12(b)(2) are well settled. Generally, plaintiffs bear the burden of proof to establish that jurisdiction over the parties is proper. *See Yarbrough v. Elmer Bunker & Assoc.*, 669 F.2d 614, 616 (10th Cir.1982). In the context of pre-trial motions to dismiss decided without a hearing, plaintiffs must make only a prima facie showing as to the propriety of personal jurisdiction. *See Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988); *All American Car Wash, Inc. v. National Pride Equipment, Inc.*, 550 F.Supp. 166, 169 (W.D.Okla.1981).

■ In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties.[1] *See Ten Mile Indus. Park v. Western Plains Service Corp.,* 810 F.2d 1518, 1524 (10th Cir.1987); *Wilcox v. Precision Parachute Co.,* 685 F.Supp. 821, 822 (D.Kan.1988); *see also* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1364 (1969) (discussing the acceptance by the federal rules of "speaking motions"). The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials. *See Pytlik v. Professional Resources, Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989). Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs. *See Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. den.,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985).

As noted, the plaintiff McClelland seeks to recover for personal injuries he allegedly suffered in Oklahoma when he fell from a ladder. The ladder in question (a Type III household light-duty ladder, bearing serial number W288) was allegedly manufactured, designed, or distributed by Watling "and/or" Buschman, in his individual capacity, and sold at the retail level by Westlake. Second Amended Complaint ¶ II, at 2. Further, the amended complaint alleges that: the plaintiff is presently domiciled in Colorado (at the time of the accident, he was domiciled in Oklahoma); Watling and Westlake are foreign corporations (licensed in Missouri and Delaware, respectively) that conduct business in Oklahoma; and Buschman is domiciled in Missouri and does business in Oklahoma. *Id.* ¶ I.

In deposition testimony submitted by the plaintiff, Buschman discusses Watling's financial condition and his role as a company employee. He notes that Watling is presently experiencing financial difficulties and that on one occasion he personally guaranteed Watling's satisfaction of a loan. Buschman Deposition, at 86–87. Buschman states further that he is "the only employee left" at Watling and that, taking into account the now-departed employees, he was the most knowledgeable employee with regard to the design of the type of ladder at issue. *Id.* at 21. Buschman expressly denies, however, that he designed the ladder. *Id.*

In an affidavit supporting his motion, Buschman also rejects the plaintiff's assertion that Buschman has personally conducted business in Oklahoma. Buschman Affidavit ¶ 2. More specifically, Buschman states:

> I have never personally engaged in the business of the manufacture and sale of ladders, and that any business regarding the manufacture or sale of ladders has been done solely as an employee of Watling Ladder Company. I further affirmatively state that I did not personally manufacture or sell the ladder Plaintiff alleges caused his injury.

*Id.* ¶ 1.

## II.

■ The analysis of the personal jurisdiction question in diversity cases generally involves a 2–step inquiry: courts must determine whether the exercise of jurisdiction is consistent with (1) the long-arm statute of the forum state, and (2) the due process clause of the fourteenth amendment. *See Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1385–86 (10th Cir.1980); *Insulation Corp. v. Sportsplex, Inc.,* 716 F.Supp. 540, 542 (D.Kan.1989). In Oklahoma, the 2–step inquiry "collapses into a single due process analysis" because the relevant

[1] In this regard, the Court notes that the plaintiff McClelland's challenge to the Buschman affidavit under Fed.R.Civ.P. 56(e) is misguided. First, Rule 56(e) is inapposite because Buschman does not move the Court for summary judgment, and as the Court does not reach his Rule 12(b)(6) motion, there is no possibility for a summary judgment conversion under Rule 12(b). Second, the plaintiff's challenge rests on the alleged failure of Buschman to confine his affidavit averments to matters within his personal knowledge. Yet, the plaintiff fails to identify any specific averments by Buschman that might be deemed inadequate on this ground, and even a cursory examination of the Buschman affidavit leads the Court to reject the plaintiff's challenge as meritless.

state statute authorizes the exercise of personal jurisdiction to the limits of due process. *Rambo,* 839 F.2d at 1416; *see* 12 O.S. § 2004(F).[2]

■ Put simply, under the due process clause, the Court must determine whether Buschman has affirmatively established such minimum contacts with Oklahoma that the exercise of jurisdiction over him will be consonant with traditional notions of fair play and substantial justice. *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *see World–Wide Volkswagen Corp. v. Woodson;* 444 U.S. 286, 291–92, 100 S.Ct. 559, 564–65, 62 L.Ed.2d 490 (1980). In relation to the plaintiff's claim, Buschman must have purposefully availed himself of the privilege of conducting activities in Oklahoma, thereby invoking the benefits and protection of Oklahoma law. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *see Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 nn. 8–9, 104 S.Ct. 1868, 1872 nn. 8–9, 80 L.Ed.2d 404 (1984). The Court concludes that, in his individual capacity, Buschman has not established such forum contacts and, thus, his motion to dismiss should be sustained.

■ The Court is guided in its ruling on the jurisdictional question by the fiduciary shield doctrine. Under this doctrine, jurisdiction over corporate officers or agents must ordinarily be based on their personal, rather than corporate, contacts with the forum—that is, jurisdiction over such corporate representatives cannot be predicated on jurisdiction over the corporation itself. *See Ten Mile Indus. Park,* 810 F.2d at 1527; *Wilshire Oil Co. v. Riffe,* 409 F.2d 1277, 1281 & n. 8 (10th Cir.1969); *Bulova Watch Co. v. K. Hattori & Co.,* 508 F.Supp. 1322, 1347 (E.D.N.Y.1981). The doctrine reflects a legal "dichotomy" between the rules governing personal jurisdiction and the rules governing substantive tort liability, as they pertain to corporate officers acting in a corporate capacity.

*Marine Midland Bank v. Miller,* 664 F.2d 899, 902 (2d Cir.1981); *see Pocahontas First Corp. v. Venture Planning Group, Inc.,* 572 F.Supp. 503, 508 (D.Nev.1983); *cf. Bulova Watch,* 508 F.Supp. at 1348 (observing that a jurisdictional determination that contacts with the forum are insufficient under the fiduciary shield doctrine does not go to the question of the liability of corporate officers for tortious conduct committed in the forum on behalf of the corporation). As to corporate officers acting in a corporate capacity, the "general, if not universal rule," of torts is that they may be held personally liable for tortious conduct of the corporation that they directly participated in or specifically directed others to carry out. 3A Fletcher Cyc. Corp. § 1137, at 275 (Perm. ed. 1986).

■ The fiduciary shield doctrine embodies "the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Marine Midland,* 664 F.2d at 902; *see Bulova Watch,* 508 F.Supp. at 1348–49. In line with this rationale, where a corporation is not viable and defendants are merely using it as a shell to advance their personal interests, then their activities in the forum although nominally on behalf of the corporation may be fairly charged against them as individuals for personal jurisdiction purposes. *See Marine Midland,* 664 F.2d at 903; *Ten Mile Indus. Park,* 810 F.2d at 1527; 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 1069, at 372 (1987).

■ The plaintiff has failed to make a prima facie showing that Buschman established contacts with Oklahoma in his individual capacity that are related to this action or that Watling was merely a shell corporation used by Buschman for personal purposes at the time of the alleged accident. As to Buschman's personal contacts with the forum, the plaintiff rests on the averments of the complaint, in particular,

---

**2.** In full, Oklahoma's long-arm statute provides that: "A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." 12 O.S. § 2004(F).

the averment that Watling "and/or" Buschman manufactured, designed, or distributed the ladder at issue. Yet, this averment is not free from ambiguity: one may conclude that Buschman did not engage in the allegedly tortious activities at all or that he only did so in his capacity as a Watling employee. *See Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).[3] More fundamentally, to the extent that it alleges personal conduct by Buschman, the averment is controverted by specific evidence.

By affidavit, Buschman denies in unequivocal language that he personally engaged in the business of manufacturing or selling the type of ladder at issue, or that he personally manufactured or sold the particular ladder alleged to have harmed the plaintiff. Also, in his deposition testimony, Buschman specifically denies that he designed the ladder. As the plaintiff offers no rebuttal evidence, for the purposes of this motion, the Court accepts Buschman's statements as true. Therefore, unless the Court considers it appropriate to disregard Watling's distinct corporate existence, Buschman's lack of personal contacts with the forum (evidenced by his testimony) bars the exercise of jurisdiction over him. The Court does not deem such a step to be appropriate.

Here, the plaintiff does rely on certain evidentiary materials, specifically, Buschman's deposition testimony as to Watling's poor financial health and Buschman's prior guarantee of a Watling loan. However, these evidentiary tidbits merely provide the basis for speculation as to Watling's viability or Buschman's alleged use of the company as a shell; they do not constitute the kind of hard evidence necessary to support a prima facie showing of personal jurisdiction. *See Union Bank v. Ferris*, 587 P.2d 454, 455 (Okla.1978) (noting that in Oklahoma "jurisdiction over nonresident defendants cannot be inferred, but must affirma-

tively appear from the record"). Accordingly, guided by the fiduciary shield doctrine, the Court concludes that Buschman does not have sufficient contacts with Oklahoma to support the Court's exercise of jurisdiction over him.

The Court's resolution of this matter finds strong support in the Tenth Circuit's decision in *Ten Mile Indus. Park, supra.* In that case, the Tenth Circuit ruled that a Wyoming federal court lacked jurisdiction over corporate officers who were residents of North Dakota or South Dakota, where those officers testified by affidavit that they had not conducted personal business in the forum nor established any other forum contacts other than in their capacity as representatives of the corporate defendant. 810 F.2d at 1524, 1527. In reaching this ruling, the court in *Ten Mile Indus. Park* expressly relied on the principles of the fiduciary shield doctrine. *Id.* at 1527. Moreover, the court noted that, in view of the affidavits of the corporate officers, plaintiffs-appellants were required to come forward with more than conclusory allegations as to the officers' personal contacts with the forum or the corporate defendant's nonviability—a task the plaintiffs-appellants failed to accomplish. *Id.* The consequence of this failure of proof in *Ten Mile Indus. Park* was dismissal of the action as to the individual defendants. This Court follows the same course in the case at bar.

The Court recognizes that some decisions have ruled that the fiduciary shield doctrine is inapposite where the governing long-arm statute (like the Oklahoma statute) extends jurisdiction to the limits of due process. *Columbia Briargate Co. v. First National Bank*, 713 F.2d 1052, 1056–58, 1061 (4th Cir.1983), *cert. den.*, 465 U.S. 1007, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984); *see Davis v. Metro Productions, Inc.*, 885 F.2d 515, 522–23 (9th Cir.1989). The basic position of these courts is articulated well

---

**3.** Also, as a matter of pleading, the averment is probably insufficient to establish Buschman's personal contacts with the forum. In *Weller, supra,* the Sixth Circuit took this position as to an affidavit averment which stated that the officer defendants, the corporation, or both committed certain tortious acts in the forum. The *Weller* court noted that such an averment "can hardly be interpreted as a positive statement sufficient to support jurisdiction" over the corporate officers. 504 F.2d at 929.

in *Columbia Briargate.* In that case, based upon an analysis of the common law development of the fiduciary shield doctrine and Supreme Court precedent, the court concluded that the doctrine was not intended to be "any carefully analyzed and reasoned constitutional principle" embodied in the due process clause, but rather "simply an incident of statutory construction" with respect to those long-arm statutes stopping short of the due process periphery. 713 F.2d at 1056, 1057–58. Thus, reasoned the court, where long-arm statutes reach to the limits of due process and the traditional 2-step jurisdictional inquiry becomes in effect a single due process analysis, the fiduciary shield doctrine is irrelevant. *Id.* at 1057.

On the facts presented here, however, this Court declines to follow *Columbia Briargate* and related decisions for two major reasons. First, the reasoning of these decisions runs counter to the Tenth Circuit's ruling in *Ten Mile Indus. Park.* There, the Tenth Circuit specifically noted that the Wyoming long-arm statute at issue extended jurisdiction to the limits of due process. 810 F.2d at 1524; *see First Wyoming Bank v. Trans Mountain Sales & Leasing,* 602 P.2d 1219, 1222 (Wyo.1979) (noting that the Wyoming courts operate under "an express legislative command to find jurisdiction if constitutionally permissible"). Indeed, the language of the Wyoming statute in *Ten Mile Indus. Park* is virtually identical to the language of Oklahoma's long-arm statute. Yet, in disposing of the case, the Tenth Circuit relied on the principles of the fiduciary shield doctrine.

Second, irrespective of whether the fiduciary shield doctrine plays an integral part in due process analysis by name, the Court concludes that its application of the doctrine to the case at bar is consistent with due process principles because, at bottom, the fiduciary shield doctrine and the due process clause are animated by a similar concern for fairness. *Cf. Columbia Briargate,* 713 F.2d at 1058 (acknowledging this argument). As the Court noted in *Bulova Watch,* "[w]here the corporate agent engages in corporate business for the sole benefit of the corporation, it is difficult to

see how the exercise of jurisdiction over one who has conducted no activities on his own behalf 'comports with fair play and substantial justice.'" 508 F.Supp. at 1348 (quoting *Merkel Assoc. v. Bellofram Corp.,* 437 F.Supp. 612, 618 (W.D.N.Y.1977)); *see Weller,* 504 F.2d at 931 (expressing "serious doubt" as to the constitutionality of exercising jurisdiction over corporate officers lacking personal contacts with the forum).

■ Lastly, the Court rejects the plaintiff's alternative contention that Buschman's motion should be denied pending further discovery. The plaintiff asserts that denial of the motion is appropriate because Buschman, in his capacity as Watling's agent, has failed to provide the plaintiff with discovery allegedly bearing on the jurisdictional issue—specifically, certain answers to discovery inquiries and documents. The plaintiff has made no showing, however, that the referenced discovery inquiries are in fact germane to the motion at bar, and the Court finds upon review of the requests for production of documents that they do not seek material relevant to Buschman's Rule 12(b)(2) motion. Accordingly, the plaintiff's alternative contention cannot be sustained.

### III.

In sum, applying the fiduciary shield doctrine, the Court concludes that Buschman has not established sufficient contacts with Oklahoma to support the Court's exercise of jurisdiction over him. Buschman's motion to dismiss as to the plaintiff's claim and the cross-claim of Westlake is accordingly GRANTED.

It is so ordered.