**Tinasakti SAKTIDES, et al.**

v.

**Frederick I. COOPER, et al.**

**Civ. No. A–88–CA–584.**

United States District Court,
W.D. Texas,
Austin Division.

Aug. 7, 1990.

---

John Pike Powers, John B. Ruhl, Fulbright & Jaworski, Austin, Tex., for Texas Nat. Realty Corp. and Tinasakti Saktides.

David Cohen, Graves, Dougherty, Hearon & Moody, Austin, Tex., for Thomas A. O'Brien, defendant.

Michael G. Burk, McGinnis, Lochridge & Kilgore, Tim Gideon, Liddell, Sapp & Zivley, Austin, Tex., for other defendants.

## ORDER

NOWLIN, District Judge.

■ Before the Court is Defendant, Thomas A. O'Brien's Motion to Dismiss For Lack of Personal Jurisdiction. When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish a *prima facie* case for personal jurisdiction over the defendant. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir.1985). In determining whether a *prima facie* case for personal jurisdiction exists, uncontroverted allegations in the Plaintiffs' complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the Plaintiffs' favor. *Id.* at 546. The Court has considered the Motion and the responsive pleadings and is of the following opinion.

■ A Court may exercise personal jurisdiction over a nonresident defendant if: (1) the nonresident defendant is subject to service of process under the State long-arm statute, and (2) the exercise of personal jurisdiction under State law comports with due process. *Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir.1986). Under the Texas long-arm statute, a person is amenable to service of process if he committed a tort, in whole or in part, in the State. *See* Tex.Civ.Prac. and Rem.Code § 17.042 (Vernon 1986); *See also D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542 (5th Cir.1985). However, the inquiry does not end there. Plaintiffs must also establish that the Court's exercise of jurisdiction over Mr. O'Brien would not exceed the limits of due process.

■ To satisfy due process requirements, the Plaintiffs must establish: (1) that the Defendant has sufficient relevant contacts with the forum State resulting from an affirmative act or acts; and (2) that it is not unfair or unreasonable to require the nonresidents to defend the suit in the forum State. *D.J. Investments v. Metzeler Motorcycle Tire*, 754 F.2d 542, 545 (5th Cir.1985). In determining whether the affirmative act prong has been satisfied, the "number of contacts with the forum State is not, by itself, determinative." *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028 (5th Cir.1983), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 561 (1984). What is more significant is whether there has been some act by which the nonresident has " 'purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Growden v. Ed Bowlin and Associates, Inc.*, 733 F.2d 1149, 1151 (5th Cir.1984) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

■ In determining whether a defendant's actions constitute "purposeful availment", the Court must consider the quality, nature, and extent of the activity in the forum, the foreseeability of consequences within the forum from activities outside it, and the relationship between the cause of action and the contacts. *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1268 (5th Cir. 1981).

Depending on the basis for jurisdiction alleged, a Court may exercise two separate types of jurisdiction: (1) specific jurisdiction; or (2) general jurisdiction. *See, e.g., Petroleum Helicopters, Inc. v. Avco Corp.*, 804 F.2d 1367, 1369 (5th Cir.1986).

When a cause of action arises out of, or is related to a defendant's contacts with the forum State, the forum may exercise specific jurisdiction. Specific jurisdiction is proper even if a defendant has only minimal contact with the forum State, provided a nexus exists between the defendant's contacts, the forum, and the litigation. *See Stuart v. Spademan,* 772 F.2d 1185, 1189 (5th Cir.1985).

Where the cause of action is not related to or does not arise out of the defendant's contacts with the forum State, the Court may exercise general jurisdiction only if the defendant's contacts with the forum State are systematic and continuous. *Id.* at 1191.

Plaintiffs allege that jurisdiction is proper in this case because Defendant O'Brien committed a tort outside of Texas that had reasonably foreseeable consequences in the State. Defendants argue that personal jurisdiction is lacking over Mr. O'Brien because he is protected by the "fiduciary shield doctrine."

The fiduciary shield doctrine is a "thorny jurisdictional issue involving a legal doctrine that continues to evolve." *Schubert v. Gay & Taylor,* 716 F.Supp. 1129, 1131 (N.D.Ill.1989). The fiduciary shield doctrine holds that an individual's transaction of business within a State solely as a corporate officer does not create personal jurisdiction over that individual though the State has in personam jurisdiction over the corporation. *Stuart v. Spademan,* 772 F.2d 1185, 1197 (5th Cir. 1985).

The fiduciary shield doctrine is based on "the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *See Marine Midland*

*Bank v. Miller,* 664 F.2d 899, 902 (2d Cir. 1981). It is generally accepted that the fiduciary shield doctrine is an equitable, not a constitutional doctrine.[1] Yet the principles upon which it is based appear to be subsumed within the due process concerns espoused in *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Some Courts have, therefore, stated that the fiduciary shield doctrine is unnecessary where the State's long-arm statute has been held to extend to the limits of due process. *See Pittsburgh Terminal Corp. v. MID Allegheny Corp.,* 831 F.2d 522, 525 (4th Cir.1987) (citing *Columbia Briargate Co. v. First Nt'l. Bank,* 713 F.2d 1052, 1064–65 (4th Cir.1983)); *See also McClelland v. Watling Ladder Co.,* 729 F.Supp. 1316, 1321 (W.D.Okla.1990).[2] This Court considers the jurisdictional limits of due process to be sufficient to protect the Defendant's interests. However, the Court also considers the fiduciary shield doctrine to be an important sub-issue under a due process analysis when it is raised. The Court will, therefore, discuss the fiduciary shield doctrine as a sub-issue of due process.

Plaintiffs argue that personal jurisdiction over Mr. O'Brien is proper because Mr. O'Brien would be liable to any third person he may have injured by his tortious conduct despite the fact that those acts were performed within the scope of his employment. A minority of courts have been willing to attribute to an individual the corporation's contacts with the forum State on the rationale that individual officers, as agents of the corporation, would be personally liable to any third person they injured by virtue of their tortious activity even if such acts were performed within the scope of their employment as corporate officers. *See Odell v. Signer,* 169 So.2d 851, 853–54 (Fla. Ct.App.1964), *writ discharged,* 176 So.2d

---

**1.** *See Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 902 (2d Cir.1981) ("The fiduciary shield doctrine is not a constitutional principle, but is rather a doctrine based on judicial inference as to the intended scope of the long arm statute.").

**2.** The Texas long-arm statute has been interpreted to extend to the limits of the due process clause. *See Stuart v. Spademan,* 772 F.2d 1185, 1189 (5th Cir.1985); *Hall v. Helicopteros Nacionales de Colombia,* 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

94 (Fla.1965).[3] In this Court's opinion however, the issue is not whether the Defendant may be held liable in some forum for tortious acts committed within the scope of corporate employment, but whether he may be required to defend a suit in this forum, if his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.[4]

Some courts have held that to avoid application of the fiduciary shield doctrine, a plaintiff need only allege in good faith that the individual performed acts designed to advance his own rather than his employer's interests. *See, e.g., Torco Oil Co. v. Innovative Thermal Corp.*, 730 F.Supp. 126, 135 (N.D.Ill.1989); *Marine Midland*, 664 F.2d at 903. It is also generally accepted that the fiduciary shield doctrine does not apply when courts are willing to disregard the corporate entity on the theory that the individual is the alter ego of the corporation. *Stuart*, 772 F.2d at 1197.

Plaintiffs, however, have not alleged that Mr. O'Brien is the alter ego of the corporation and that the Court should, therefore, disregard the corporate entity and attribute to Mr. O'Brien the contacts of the corporation. Nor have Plaintiffs argued that Mr. O'Brien performed acts designed to advance his own rather than his employer's interests.

■ Plaintiffs argue that Mr. O'Brien subjected himself to this Court's jurisdiction by engaging in activities outside the State that had "reasonably foreseeable consequences in the State." *Prejean v. Sonatrack, Inc.*, 652 F.2d 1260, 1268 (5th Cir. 1981). Specifically, Plaintiffs allege that Mr. O'Brien, acting as an account executive at Dean Witter Reynolds, Inc., in Reno, Nevada, initiated contacts between himself and Mr. Bhanubandh; that he was entrusted with $350,000 of Texas National Realty Corporation's money; and that he negligently handled such money so as to make possible its fraudulent conversion by other Defendants, who were acting separately and in concert among themselves. Plaintiffs' argument for personal jurisdiction hinges on the proposition that Mr. O'Brien "must or reasonably should have known he was handling the funds of a Texas corporation for purposes of satisfying a contract which required the return of stock to a Texas corporation." Plaintiffs further argue that, "[i]t follows reasonably that he should have known the mishandling of those funds could have injurious consequences on a Texas corporation."

Defendant O'Brien filed an affidavit that alleges: (1) he is domiciled in Nevada and has not consented to be sued in Texas; (2) he was born in Boston, Massachusetts in 1949, graduated from high school in Massachusetts, and earned his college degree from Florida State University in 1970; (3) in 1977, he moved to Reno, Nevada, where he was first employed as a county fiscal officer, and then, in 1978, began his present employment with Defendant Dean Witter Reynolds, Inc.; (4) he now lives in Reno, Nevada, and has voted there since 1978, and ran for public office there in 1980; (5) he has had very limited contacts with Texas, having been in the State twice for two weeks while serving on military duty and no more than four times on personal business in Waco, Texas, having

---

**3.** As to corporate officers acting in a corporate capacity, the "general, if not universal rule," of torts is that they may be held personally liable for tortious conduct of the corporation that they directly participated in or specifically directed others to carry out. 3A FLETCHER CYC. CORP. § 1137, at 275 (Perm ed. 1986).

**4.** Several other Courts have also pointed out that there is a difference between the rules governing personal jurisdiction and the rules governing substantive tort liability as they pertain to corporate officers acting in a corporate capacity. *See, e.g., Marine Midland*, 664 F.2d 899, 902 (2d Cir.1981) ("there is a dichotomy between the principles governing the personal liability of corporate agents for torts committed in their corporate roles and the principles governing the amenability of such agents to personal jurisdiction solely on the basis of those acts"); *Bulova Watch Co. v. K. Hattori & Co.*, 508 F.Supp. 1322, 1348 (E.D.N.Y.1981) (observing that a jurisdictional determination that contacts with the forum are insufficient under the fiduciary shield doctrine does not go to the question of the liability of corporate officers for tortious conduct committed in the forum on behalf of the corporation); *See also McLelland v. Watling Ladder Co.*, 729 F.Supp. 1316, 1319 (W.D.Okla. 1990).

nothing to do with this litigation or any of the parties herein; (6) he has never done any form of continuous and systematic business in Texas, has no offices, business, real property, or phone number in Texas, has no relatives or representatives in Texas, and, of the approximate 700 accounts he has handled at Dean Witter over the years, cannot recall having any dealings with any client affiliated with Texas other than the Plaintiffs; (7) the only contact he has had with Plaintiffs was a telephone call made to Mr. Bhanubandh in Thailand. These were Plaintiffs' only contacts with O'Brien or Dean Witter. No contacts associated with this litigation were signed by O'Brien or by the Plaintiffs in Texas, nor was any contract performed in Texas; and (8) he at all times, has dealt with Plaintiffs while in the course and scope of his employment with Dean Witter.

■ Plaintiffs have difficulty overcoming the argument that Mr. O'Brien's only relevant contacts with Texas were not for his own benefit, but for the benefit of his employer. The fact that Plaintiffs may have satisfied the Texas long-arm statute's requirements for service of process does not necessarily mean the due process requirements for exercising jurisdiction over Mr. O'Brien have been satisfied. In the Court's opinion, considering the nature and quality of Defendant's contacts with the State, a nexus is lacking between Mr. O'Brien, in his individual capacity, the forum, and this litigation. Therefore, specific jurisdiction is lacking. Moreover, Mr. O'Brien does not have sufficient systematic and continuous contacts in his individual capacity from which it can be said that he purposefully availed himself of the privileges of conducting activities within this State so as to invoke the benefits and protections of its laws. Therefore, general jurisdiction is also lacking. From a policy perspective, it would offend traditional notions of fair play and substantial justice to force employees who have occasion to do business by telephone or mail with any number of given States, to require that they defend lawsuits in those States in their individual capacity based on acts performed not for their own benefit, but for

the benefit of their employer. *See, e.g., Bowers v. NETI Technologies, Inc.,* 690 F.Supp. 349, 358 (E.D.Pa.1988). Plaintiffs, therefore, have not established a *prima facie* case for exercising personal jurisdiction over Mr. O'Brien.

ACCORDINGLY, IT IS ORDERED that Defendant O'Brien's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.