Dennis and Lori WEITZEL, Petitioners,

v.

Michael BARNES et al., d/b/a
Barnes/Segraves Development,
Respondents.

No. C–3715.

Supreme Court of Texas.

June 5, 1985.

Rehearing Denied July 10, 1985.

Leeper and Priddy, Timothy G. Chovanec, Fort Worth, Longley & Maxwell, Joe K. Longley, Austin, for petitioners.

Lane, Ray & Getchell, Donald H. Ray, Fort Worth, for respondents.

KILGARLIN, Justice.

This Deceptive Trade Practices-Consumer Protection Act case presents three major issues. First, does the parol evidence rule prevent proof of an oral representation as to the quality of goods when a written contract of sale gives the buyer the right to inspect those goods before purchase? Second, must a consumer show that the seller was motivated by trickery, artifice, or device, in making the representation as to the quality of the goods? Third, before a consumer can recover, is it necessary that he plead and prove that he relied upon such representation? Incidental to these three questions is whether a consumer is obligated to plead specifically the DTPA section he contends was violated; whether corporate agents may be individually liable under the DTPA; and whether error as to the reasonableness and necessity of repair bills was preserved.

Dennis and Lori Weitzel signed a contract on February 8, 1983, to purchase a remodeled home from Barnes/Segraves Development Company. The written contract of purchase gave the Weitzels the right to inspect, among other things, the plumbing and air conditioning systems in the house. If the Weitzels were dissatisfied with the systems, they were entitled to reject the contract; force Barnes/Segraves to make repairs up to $1,000; or, consummate the purchase and make all repairs in excess of $1,000 themselves. The Weitzels did not inspect the house but alleged that they were induced to accept it because of oral Barnes/Segraves' representations that the plumbing and air conditioning complied with Fort Worth's code specifications. When the Weitzels found the equipment did not function properly, they brought suit for damages under the DTPA. A trial to the court resulted in findings that the representations were made and that the systems did not comply with code standards. The judge also found the Weitzels' actual damages to be $1,116 and after trebling the first $1,000, rendered judgment for them for $3,116, together with $750 in attorney's fees. Concluding that each of the first three questions posed above must be answered affirmatively, the court of appeals reversed the judgment and rendered that the Weitzels take nothing. 678 S.W.2d 747 (Tex.App.1984). We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Although the court of appeals found for Barnes/Segraves on three separate grounds, Barnes/Segraves' only argument before this court is that if we reinstate the judgment for the Weitzels, we will do violence to all written contracts which provide that the purchaser takes "as is." Moreover, Barnes/Segraves concedes that common law contractual requirements are not applicable and proof of intent to misrepresent is not necessary. Nevertheless, we are required to address the bases of the court of appeals' holding.

While several other courts of appeals have also addressed the question of the admissibility of oral representations in a DTPA case when a written contract exists, this court has never written on that precise subject. Generally speaking, each of the other intermediate courts has held that the parol evidence rule was not applicable because purchasers were not seeking to change or contradict the terms of the contract but were relying upon deceptive oral representations as the basis of their suit. *See Wagner v. Morris*, 658 S.W.2d 230, 232 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Oakes v. Guerra*, 603 S.W.2d 371, 374 (Tex.Civ.App.—Amarillo 1980, no writ); and, *United Postage Corp.*

v. *Kammeyer*, 581 S.W.2d 716, 720–21 (Tex.Civ.App.—Dallas 1979, no writ). Tex. Bus. & Com.Code Ann. § 17.43 provides that the remedies under the DTPA are cumulative and in addition to other remedies; section 17.44 of the act provides that the act shall be liberally construed to protect consumers from deceptive business practices. Following such broad guidelines, we conclude that oral representations are not only admissible but can serve as the basis of a DTPA action. There was no effort on the part of the Weitzels to show a breach of contract by Barnes/Segraves. The oral misrepresentations, which were made both before and after the execution of the agreement, constitute the basis of this cause of action, so traditional contractual notions do not apply.

■ Relying upon language in *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978), the court of appeals held that absent trickery, artifice, or device on the part of Barnes/Segraves, the Weitzels, having waived their inspection rights, were bound by the express terms of the contract. *Town North* was not a DTPA case. "Trickery," "artifice," and "device" are but synonyms for intent to deceive or misrepresent. The Weitzels' claim in this case is simply that Barnes/Segraves represented to them that certain goods were of a particular standard, when in fact they were not. Such representation is deemed to be a deceptive act under the provisions of Tex.Bus. & Com.Code Ann. § 17.46(b)(7). We said in *Smith v. Baldwin*, 611 S.W.2d 611 (Tex. 1980), that "[s]ubdivision (7) contains no requirement of proof of intent." *Id.* at 616. We hold that such provision likewise makes no requirement of proof of trickery, artifice, or device.

■ Similarly, the court of appeals has erred by reading into the DTPA a requirement of proof of reliance on the misrepresentation before a consumer can recover. We first note that Barnes/Segraves assigned no error in the court of appeals in respect to reliance. Therefore, any error has been waived. But, as the court of appeals chose to write on the necessity of reliance on a misrepresentation as a prerequisite to recovery, we are obliged to address the subject. We disapprove of the dicta in the court of appeals' opinion. Relief for consumers is contained within the provisions of Tex.Bus. & Com.Code Ann. § 17.50. Subsection (a) thereof provides that a consumer may maintain an action, among other things, when there is proof of a deceptive act or practice under § 17.46(b) which is a producing cause of the consumer's actual damages. The operative words for our purposes are "producing cause." This provision of the act was added by amendments enacted by the legislature in 1979. It should be noted that the bill containing the amendments, as originally introduced, provided in § 17.50(a) that a consumer could maintain an action if he had sustained actual damages as a result of reliance on any of certain enumerated acts. Tex.S.B. 357, 66th Leg. (1979). In the process of passing the bill into law, that language was changed, and "producing cause," not "reliance," became the ultimate standard. Following the same principle utilized by us in *Big H Auto Auction, Inc. v. Saenz*, 665 S.W.2d 756 (Tex.1984), we conclude that the legislature specifically rejected reliance as an element of recovery.

■ As to the matter of pleadings, while it is true that the Weitzels did not allege any specific provision of the DTPA as having been violated, their pleadings unquestionably comport with § 17.46(b)(7). They alleged in paragraph IV of their original petition that Barnes/Segraves had represented to them that equipment and systems in the home were within Fort Worth code specifications, when in truth the representations were false, misleading and deceptive in that the air conditioner and water heater did not meet Fort Worth code specifications. Such pleading is all that is necessary. Moreover, we note Barnes/Segraves filed no special exceptions requesting the Weitzels to elaborate their pleadings. If there were a pleading defect, it would be properly attacked by special exceptions.

We are not unsympathetic with the argument made by Barnes/Segraves that the Weitzels should have no cause of action if they agreed to take the house "as is," subject to their right of inspection, which they failed to make. While it is conceivable that in certain situations silence could amount to a misrepresentation, had Barnes/Segraves elected to remain silent as to the quality of the relevant systems, the outcome of this case would have been different. That, however, is not our situation. In this instance, Barnes/Segraves affirmatively represented that the systems had qualities which they did not actually possess. Even under a contract allowing inspection, an affirmative misrepresentation is actionable under the DTPA.

Barnes/Segraves urged two additional points of error before the court of appeals, which were not addressed by that court. Because of our disposition of the case, it becomes necessary for us to consider those two points of error. The first point of error is that Michael Barnes and Patrick Segraves should not be liable in their individual capacities. We have examined the record and it contains evidence as to statements of both men upon which the trial judge could have relied in concluding that they each made oral misrepresentations. The trial judge so concluded in his findings of facts. While it is true that in *Light v. Wilson*, 663 S.W.2d 813 (Tex.1983), we exonerated a corporate agent from individual liability in a DTPA case, we did so on the basis that "[t]here is no finding of fact that Light, individually, violated the Deceptive Trade Practices Act." *Id.* at 814. Implicit in our holding in that case is that there can be individual liability on the part of a corporate agent for misrepresentations made by him.

The second complaint before the court of appeals that we find necessary to discuss is that there was no evidence as to the reasonableness and necessity of the cost of repair to bring the house up to code specifications. There was no objection made as to reasonableness and necessity when the trial judge admitted into evidence plaintiff's exhibits 1, 9 and 10, reflecting cost of repairs adding up to $1,116. Error, if any, in admitting those exhibits into evidence has been waived by failure to make a proper objection.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

GONZALEZ, J., dissents in which McGEE, J., joins.

GONZALEZ, Justice, dissenting.

I respectfully dissent. This case demonstrates how far we have strayed from the Legislature's intent of protecting the uneducated, the unsophisticated and the poor against false, misleading and deceptive practices. I cannot believe that the Legislature ever intended for the Deceptive Trade Practices Act to be used to bail out an attorney who does not inspect the *used* house he purchases even though he had actual notice, prior to closing, that the city had condemned the property. I would affirm the judgment of the court of appeals.

Dennis Weitzel is an attorney. He wrote a contract for the purchase of the renovated house. The Residential Earnest Money Contract provided that:

### VII.

PROPERTY CONDITION: *Buyer requires inspections and repairs* required by the Property Condition Addendum (the Addendum) and any lender. Upon Seller's receipt of all loan approvals and inspection reports, Seller shall commence and complete prior to closing all required repairs at Seller's expense. All inspections, reports and *repairs required of Seller* by this contract and the Addendum *shall not exceed $1,000. If Seller fails to complete such requirements, Buyer may do so and Seller shall be liable up to the amount specified and the same paid from the proceeds of the sale.* If such expenditures exceed the stated amount and Seller refuses to pay such excess, Buyer may pay the additional cost or accept the property with the

limited repairs and this sale shall be closed as scheduled, or *Buyer may terminate this contract and the earnest money shall be refunded to Buyer.* (emphasis added).

## XIX.

AGREEMENT OF PARTIES: This contract contains the entire agreement of the parties and cannot be changed except by the written consent of all parties hereto.

PROPERTY CONDITION ADDENDUM

## II.

CONDITION OF PROPERTY: *Buyer shall have the right at Buyer's expense (i) within twenty (20) days from the effective date of this contract to have any of the structural items indicated below,* and (ii) within twenty (20) days from the effective date of this contract to have any of the equipment systems items indicated below, *inspected by inspectors of Buyer's choice and* to give Seller within such time periods a written report of required repairs to any of the items checked below which are not performing the function for which intended or which are in need of immediate repair. *Failure to do so shall be deemed a waiver of Buyer's inspection and repair rights and Buyer agrees to accept property in its present condition,* subject to the right of Buyer to make the above-named inspections within twenty (20) days after the completion of all repairs and improvements upon the property by the Seller. (emphasis added).

After signing the contract, the Weitzels attempted to move into the house prior to closing and discovered a "condemned" notice on the house. In spite of this notice, the Weitzels still did not have the house inspected. Instead, they moved in and called the city, but were told that the city could only discuss the matter with the owner, Mr. Segraves. Upon calling Mr. Segraves, Weitzel was told that the house met the Fort Worth code standards. Weitzel did not pursue the matter further. A few weeks later, the Weitzels sued the sellers on alleged oral misrepresentations that the house complied with the city's code standards.

The question I must ask the court is: How can misrepresentations be a producing cause of a consumer's actual damages in the absence of reliance on those representations by the consumer? Tex.Bus. & Comm.Code Ann. § 17.50(a) provides that a consumer may maintain an action when

(1) there is proof of a deceptive act or practice under § 17.46(b)

(2) which is a *producing cause* of the consumer's actual damages. (emphasis added). .

Producing cause is not defined in the statute. It is a common statutory construction rule that if the Legislature does not define a term, its ordinary meaning will be applied. *Satterfield v. Satterfield,* 448 S.W.2d 456 (Tex.1969). Producing cause is "an efficient, exciting, or contributing cause, which, in natural sequence, produced the injuries or damages complained of, if any." *Rourke v. Garza,* 530 S.W.2d 794, 801 (Tex.1975); *see also* Black's Law Dictionary (5th ed. 1977). To produce, among other things, means to accomplish, achieve, bring about, bring forth, bring to pass, or bring into existence. Burton, *Legal Thesaurus* 411 (1980). In light of these definitions and these facts, reliance on the deceptive act or conduct is necessarily a factor of producing cause.

"A misrepresentation cannot theoretically be producing cause of injury if it was not at all relied upon." E. Elias, *The DTPA: The All-Encompassing Buyer Remedy in Texas,* 43 Texas Bar J. 745, 754, at note 49 (1980). This is a fundamental theoretical tenet that cannot be easily brushed aside. Reliance is evidence of producing cause. *See* D. Bragg, P. Maxwell & J. Longley, *Texas Consumer Litigation,* § 8.08 (2d ed. 1983).

I agree with the court that reliance is not an *express element* of a cause of action under the Deceptive Trade Practices Act.

The Legislature did, however, require that some causal connection be established by the plaintiff prior to recovery under the Act. The court's opinion ignores this requirement.

The court's opinion is more disturbing for what it does not say than for any pronouncements it contains. The court states that it "feels obliged to address the subject" raised by dicta in the court of appeals' opinion. Yet the dicta in the court's opinion inadequately lives up to this self-imposed obligation. For instance, the opinion does not say whether reliance is a proper component of producing cause when representations are at issue. It does not say how the Weitzels established producing cause in *this* case, and what evidence existed to support such a proposition. It does not say how the bench and bar is to be guided in the future when faced with the burden to prove or disprove producing cause.

I lament the fact that the court's opinion glosses over proof of producing cause. Yet, some type of proof is required, under some type of definable standard. It should not be that any misrepresentation made in a vacuum, or made under circumstances that clearly showed its falsity and prevented reliance thereupon, would support a cause of action under the Act. This is necessarily true because the Legislature drew a statute requiring some type of causal connection between the deceptive act or practice and the actual damages suffered.

Yet, the court's opinion offers no guidance as to what *is* required to prove producing cause. In this case, and in other cases involving misrepresentations, what other proof could there be except reliance? Indeed, the court ignores this facet of the question presented on appeal, and allows an attorney cognizant of all facts at the time of closing to lure his vendors into a snare, swiftly draw it tight around them, and recover treble damages.

In summary, it is absurd to allow a consumer to recover treble damages for a misrepresentation if that misrepresentation did not induce the consumer to enter into the contract. Since there is no evidence of producing cause in this case, I would render a judgment that the Weitzels take nothing.

McGEE, J., joins in this dissenting opinion.