Eusebio **ALVARADO** et al., Petitioner,

v.

David R. **BOLTON**, Trustee, et al., Respondent.

No. C–5738.

Supreme Court of Texas.

April 6, 1988.

Rehearing Denied May 25, 1988.

Robert H. Fisher, Carl, Lee Fisher & Coselli, Houston, for petitioner.

Joe S. Maida, Houston, for respondent.

## OPINION ON MOTION FOR REHEARING

RAY, Justice.

Petitioner's motion for rehearing is granted and the court's opinion and judgment of November 25, 1987 are withdrawn and the following is substituted.

This suit for reformation of deeds and for damages under the Deceptive Trade Practices Act involves the issue of whether the doctrine of merger applies in a suit under the Act based on breach of an express warranty. After a jury trial, the district court rendered judgment for Alvarado reforming the deeds, awarding actual damages for the value of the oil production; trebling actual damages and awarding attorney's fees under the DTPA. The court of appeals reversed the judgment of the trial court and rendered a take-nothing judgment against Alvarado predicated on the holding that the doctrine of merger applied. 714 S.W.2d 119. We hold that the doctrine of merger is not applicable, reverse the judgment of the court of appeals and remand this cause to that court.

In 1973, Bolton, as general partner in a limited partnership, and others purchased fifty acres of land. In the deeds conveying the land, Bolton received title to one-half of the oil, gas and other minerals. Bolton, as trustee, then subdivided a portion of the land into twenty-six tracts and conveyed certain tracts to Alvarado and other buyers. Each earnest money contract involved in the conveyances to Alvarado and others contained the clause that Bolton agreed to deliver a general warranty deed and convey the property free and clear of all encumbrances except those named. Some of the contracts were silent regarding Bolton's outstanding one-half mineral interest and some stated that the conveyance was subject to Bolton's one-half mineral interest. However, the warranty deeds by which title was conveyed to the plaintiffs specifically reserved one-half of the mineral interest to Bolton, grantor, and were "made subject to all outstanding mineral interests of

record in Fort Bend County" for the other one-half of the minerals.

After oil was discovered on the land, plaintiffs learned of Bolton's reservation of mineral interests and brought suit against Bolton for reformation of the deeds and for damages under the DTPA.

The jury found that: (1) David R. Bolton, Trustee, intended by the earnest money contracts to sell the minerals he owned; (2) David R. Bolton, Trustee, breached an express warranty in his earnest money contracts by reserving minerals in the deeds; and (3) the reservation of minerals by David R. Bolton, Trustee, in the deeds to the plaintiffs was a producing cause of economic loss to the plaintiffs. These findings support the judgment for Alvarado under the DTPA.

The doctrine of merger is stated in *Baker v. Baker*, 207 S.W.2d 244 (Tex.Civ.App. —San Antonio 1947, writ ref'd n.r.e.):

> When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties.

*Id.* at 249, *quoting* 2 DEVLIN, LAW OF DEEDS § 850a.

We hold, however, that the doctrine of merger is not applicable in the present case. In 1980 we stated that "[t]he DTPA does not represent a codification of the common law" and a primary purpose of the Act was to provide consumers a cause of action for deceptive trade practices without the numerous defenses encountered in a common law fraud or breach of warranty suit. *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex.1980). Whether described as a rule of evidence or as a substantive defense, the doctrine of merger was used here as a substantive defense. However, it is not necessary to resolve that issue as we have previously held that under the broad guidelines of the DTPA, the parol evidence rule will not prevent admissibility of oral misrepresentations which may also serve as the basis of a DTPA action. *Weitzel v. Barnes*, 691 S.W.2d 598, 600 (Tex.1985).

In the instant case, the jury found that statements made in the earnest money contracts created a warranty which was later breached when the deeds reserved Bolton's mineral interest. The merger doctrine prevents the admission of any warranties made in the prior earnest money contracts which are contradicted in the deed. The parol evidence rule operates identically. Thus, we hold that the doctrine of merger may not be applied to defeat a cause of action under the DTPA for breach of an express warranty made in an earnest money contract and breached by deed.

In his remaining point of error, Alvarado complained that "the court of appeals erred in failing to address [his] fifth counterpoint and cross-point, and in failing to render judgment for attorney's fees in accordance with appellees' pleadings and uncontroverted evidence." Since the court of appeals based its disposition on the doctrine of merger, it failed to address Alvarado's concern and Bolton's remaining points of error (four, five, six and seven). We, therefore, reverse the judgment of the court of appeals and remand this cause to that court for consideration of those remaining points and disposition in accordance with this opinion.

Dissent by WALLACE, J., joined by PHILLIPS, C.J., and GONZALEZ and CULVER, JJ.

WALLACE, Justice, dissenting.

I respectfully dissent.

The jury's findings do not support a recovery for Alvarado under the DTPA or any other theory because, as a matter of law, Bolton did not breach an express warranty. The majority acknowledges that the doctrine of merger is accurately stated in the case of *Baker v. Baker*, 207 S.W.2d 244 (Tex.Civ.App.—San Antonio 1947, writ ref'd n.r.e.). I set forth the pertinent language from that decision in full, with appropriate emphasis:

> The Rule applicable in all contracts, that prior stipulations are merged in the final and formal contract executed by the parties, applies, of course, to a deed based

upon a contract to convey. When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties. *No rule of law is better settled than that where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is functus officio and the rights of the parties rest thereafter solely in the deed.*

*Id.* at 249—50, quoting 2 DEVLIN, LAW OF DEEDS § 850a (emphasis added). Hence, when Alvarado accepted the deed as performance of the earnest money contract, any "warranty" contained in the latter was extinquished. The majority errs in stating that an "express warranty made in an earnest money contract" was "breached by deed," since at the very moment this purported breach occurred there was no longer any warranty to be breached. Because the DTPA does not create any warranties or contract rights, the fact that this action was brought under the DTPA is wholly irrelevant to the question as to whether a warranty exists.

Section 17.50 of the Business and Commerce Code describes four distinct categories of actions that a consumer may bring in order to obtain relief under the Act: (1) A violation of the "laundry list" set forth in the Act; (2) a breach of an express or implied warranty; (3) the commission of an unconscionable act or course of action; and (4) a violation of Article 21.21 of the Insurance Code. When the consumer is attempting to establish a *misrepresentation* in violation of the "laundry list", then the courts have consistently held that the parol evidence rule will not bar such proof. *Weitzel v. Barnes,* 691 S.W.2d 598, 600 (Tex.1985), *and cases cited therein.* By analogy, if Alvarado had alleged that Bolton had made some misrepresentation, then it seems clear that the doctrine of merger would not have barred proof of the misrepresentation.

However, Alvardo's DTPA action was brought pursuant to § 17.50(a)(2), premised upon allegations that Bolton had breached an express warranty. Nothing in *Weitzel* suggests that a plaintiff should be permitted to establish an express warranty in the face of a fully integrated agreement. In fact, it was *because* the plaintiff was not attempting to vary or contradict the contract that the court in *Weitzel* refused to apply the parol evidence rule, and held that the rule would not bar proof of a "laundry list" violation. *Id.* at 600. In this case, Alvarado is attempting, in effect, to use the DTPA to create the very warranty upon which his DTPA suit is based, a warranty that is not contained within the four corners of the deed. *Weitzel* has no application here.

The court of appeals regarded the doctrine of merger as a rule of evidence rather than a substantive defense. 714 S.W.2d at 123. The majority indicates that at least in this case the doctrine was used as a substantive defense. This distinction is not important. What is important is that if Alvarado had brought this suit independently of the DTPA and under the common law, he could not have prevailed because he could not have established an essential element of the action. This result would have obtained not because Bolton had a good defense or because Bolton's evidentiary objections would have been well taken, but because Alvarado, in pleading that a previous warranty was breached by a deed, would have negated his own cause of action. By pleading that the deed "breached" the previous warranty by failing to include it or including inconsistent terms, Alvarado would have conceded that there was no warranty upon which to base his suit.

The fact that this action was brought under the DTPA is therefore of no consequence. The DTPA does not define the term "warranty," nor does it create any warranties. *La Sara Grain v. First National Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984). Any warranty upon which a DTPA action is predicated must therefore be established independently of the Act. *Id.*

The case before us was tried on two theories: (1) breach of express warranty; and (2) unconscionable action or course of action. No attempt was made to establish a laundry list violation. The jury returned answers adverse to Alvarado on the "unconscionable act" theory, but found a breach of warranty. As a matter of law, no such warranty existed. Thus, the court of appeals was correct in finding that Alvarado failed to prove a cause of action.

The judgment of the court of appeals should be affirmed.

PHILLIPS, C.J., and GONZALEZ and CULVER, JJ., join in this dissent.