Jimmie L. COLLINS, Appellant,

v.

FRED HAAS TOYOTA, Believed to be an Assumed Name of Fred Haas Motors, Inc., Appellee.

No. 01–99–01233–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 25, 2000.

Michael C. O'Connor, Houston, for Appellant.

Mike Johanson, Sugar Land, for Appellee.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION

ADELE HEDGES, Justice.

Appellant, Jimmie L. Collins, sued Fred Haas Toyota, believed to be an assumed name for Fred Haas Motors, Inc. (Fred Haas), to recover for alleged violations of the Texas Finance Code. The trial judge rendered summary judgment in favor of Fred Haas. We reverse and remand.

### Background

On November 15, 1995, appellant entered into a retail installment contract (the contract) with Fred Haas to purchase a "used" vehicle. On the same day, Fred Haas had advertised the same vehicle for about $1,700 less than the amount appellant had paid under the contract. Appellant was unaware of the advertisement. When he learned of the discrepancy, appellant brought this action against Fred Haas to recover for a "cash price" violation under the Texas Finance Code, which governs retail installment transactions. *See* TEX. FIN.CODE ANN. § 348.004 (Vernon 1998); TEX. FIN.CODE ANN. § 349.001 (Vernon Supp.2000). The trial judge granted Fred Haas's motion for summary judgment, concluding that "an advertisement cannot establish a cash price under Texas Finance Code § 348.004 unless such advertisement is *relied upon* by the Plaintiff." (emphasis added).

In one point of error, appellant argues that the trial judge erred by rendering summary judgment in favor of Fred Haas. Specifically, appellant contends that: (1) the advertisement satisfies the statutory definition of "cash price"; (2) the statutory definition does not require reliance by the purchaser; and (3) there is a fact issue as to the "cash price" of the vehicle. We agree.

### Summary Judgment Standard of Review

Fred Haas moved for summary judgment under Texas Rule of Civil Procedure 166a(c) and (i). We apply the usual standards of review. *See McDole v. San Jacinto Methodist Hosp.*, 886 S.W.2d 357, 359 (Tex.App.—Houston [1st Dist.] 1994, no writ) (standard of review under Texas Rule of Civil Procedure 166a(c)); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (standard of review under Texas Rule of Civil Procedure 166a(i)).

### Cash Price Violation

■ Under the Texas Finance Code, a "cash price" violation occurs when a retail seller establishes a "cash price" for a vehicle but sells the vehicle for more than the price established. TEX. FIN.CODE ANN. § 349.001. The "cash price" of a vehicle is defined as "the price at which the retail seller offers in the ordinary course of business to sell for cash the goods or services that are subject to the transaction." *Id.* at § 348.004(a). The "cash price" does not include finance charges. *Id.* at § 348.004(b). At the retail seller's option, the "cash price" may include: (1) the price of accessories; (2) the price of services related to the sale; (3) the price of service contracts; (4) taxes; and (5) fees for license, title, and registration. *Id.* at § 348.004(c).

■ We believe that the underlying purpose of the private right of action for a "cash price" violation is to prevent retail sellers from charging more for a vehicle to a finance customer than they would have charged to a cash customer. With that purpose in mind, we begin our analysis with Fred Haas's arguments as to why the November 15, 1995 advertised price was not the "cash price." Fred Haas contends that, given the volatile nature of pricing in the automobile business, the "cash price" is the price stated in the retail sales contract, to which both parties agreed after negotiation. Accordingly, the advertisement in this case is not the "cash price" because appellant either was not aware of the advertisement, or did not rely on the

advertisement, until after entering into the contract.

## A. Was Proof of "Knowledge" or "Reliance" Required?

In 1993, the Texas Legislature changed the definition of "cash price" from a subjective, reliance-based definition to the objective version that exists today. Act of May 11, 1979, 66th Leg., ch. 467, 1979 Tex. Gen. Laws 1586, 1595 (former TEX.REV.CIV. STAT. ANN. art. 5069–7.01(f)), *repealed and codified by* Act of May 22, 1997, 75th Leg., ch. 1008, secs. 6, 1, § 348.004, 1997 Tex. Gen. Laws 3601, 3603 (repealer), 3601 (codification) (current version at TEX. FIN. CODE ANN. § 348.004 (Vernon 1998)). Before 1993, the "cash price" was "the price stated in the retail installment contract for which the seller would have sold to the buyer and the buyer would have bought from the seller ... if such sale had been for cash." *Id.* Under the old definition, the retail seller and the buyer must have come to a "meeting of the minds" as to the "cash price." *See id.* Therefore, in order for an advertisement to establish a "cash price" under the old definition, the plaintiff must have had knowledge of the advertisement and must have relied on that advertisement in determining the price of the vehicle. *Id.*

■ Under the current definition of "cash price," neither knowledge nor reliance is required. TEX. FIN.CODE ANN. § 348.004(a). Rather, the "cash price" of appellant's vehicle was the price Fred Haas offered the vehicle in the ordinary course of business to all customers, not the price that ultimately was agreed on and stated in the contract. *See id.* Therefore, appellant was not required to have had knowledge of the advertisement, nor was he required to have relied on the advertisement for it to have established the "cash price" of the vehicle. *See id.*

■ In *Weitzel v. Barnes,* the Texas Supreme Court held that, when the Texas Legislature had removed a "reliance" re-

quirement from an amendment to the Texas Deceptive Trade Practices Act, it was error to require proof of "reliance" as a prerequisite to recovery under the act. 691 S.W.2d 598, 600 (Tex.1985). Similarly, we believe that, given the Legislature's removal of "reliance" from the definition of "cash price" under the Texas Finance Code, the trial judge erred in this case by imposing such a requirement. *See id.*

## B. Did a Fact Issue Exist?

■ Fred Haas argues that no evidence exists to support that the "cash price" was anything other than the price stated in the contract. We disagree. Clearly, appellant presented evidence that created a fact issue as to the "cash price" of the vehicle. For example, his response to Fred Haas's motion for summary judgment included the deposition testimony of Ron Willingham, Fred Haas's corporate representative, who testified that, on the day that appellant paid $15,627.35, the vehicle was advertised for $13,800. Willingham further testified that the vehicle had been advertised 10 days earlier for $14,966. Appellant also included the affidavit of Jay Watson, an automobile business expert, who testified that the vehicle had been advertised on at least 12 other occasions for $12,988, $13,888, and $14,966.

Thus, there was summary judgment evidence that the vehicle was offered in the ordinary course of business for at least five different prices on at least 14 different occasions. Although we agree with Fred Haas that the nature of the automobile business is not conducive to permanently affixing one "cash price" to every vehicle, we believe that the summary judgment evidence created a fact issue regarding this vehicle's "cash price" at the time that appellant entered into the contract. The jury should have been permitted to determine the "cash price" of the vehicle without considering appellant's knowledge or reliance on the advertisement. Therefore, the trial judge erred by rendering sum-

mary judgment in this case. *See* TEX.R. CIV. P. 166a(c) & (i).

We sustain point of error one.

### Conclusion

We reverse the summary judgment and remand the case for further proceedings.