Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed
and Memorandum Opinion filed March 16, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00671-CV

____________

 

JESSICA BAKER, RAMONI AJIBADE, ASHLEY ALFRED, IAIN
ANDERSON, LISA BAUERLE, JERMAINE BIGGS, PHILLIP BOWMAN, MARK CAVAZOS, DENTON
COCKRELL, VANESSA CORPUS, ROSA
COOVER, WANDA DOWN, RYAN EVANS, GRACE FIELDER, KAREN FLIPPEN, JARMELE GIBBS,
SYED HASAN, SHAWN HENDERSON, DANIELLE HERRINGTON, DAN HUTCHINS, STEPHEN
JOHNSON, JANE KAMUYU, KALLOL KHAN, GEORGE LECOMPTE, DAVID LINER, BRENT MAGANA,
SHARON MARSHALL, DONALD MARTIN, JUNE MARTIN, DARIN MCNEW, LEONARD MORALES, GREG
MOSES, JUAN NAVARRO, MICHAEL NGUYEN, RAPHAEL NWACHUKWU, OLANREWAJU OBADINA,
THOMAS PARKE, LONG PHAN, CHAD PLEASANT, KATRINA RESENDEZ, RANDOLPH RUIZ, CHERIE
SHORT, RANDY SHUMATE, LYNWOOD STEVENSON, RANDOLPH WADE, TIMOTHY WARNER, BETSY
CARTHAN-WOODARD, MARY WOODSON AND MATTHEW ZOOK, Appellants

V.

REID BECHTLE, SUE LUSTER, CHARLES COSGROVE, IRA COHEN,
STEPHEN REYNOLDS, HARRY GAINES, JOHN CORSE, RALPH CLARK AND MARK NASSAR, Appellees

 



 

On Appeal from the
80th District Court

Harris
County, Texas

Trial Court Cause
No. 99-53326

 



 








M E M O R
A N D U M   O P I N I O N

This is
an appeal of the trial court=s order granting defendant Sue Luster=s special appearance.  In the underlying suit, appellants, all
students at the Houston campus of Computer Learning Centers, Inc. (ACLC@), constitute a class of plaintiffs
suing CLC and Sue Luster,[1]
its director in charge of advertising, for violations of the Texas Deceptive
Trade Practices Act, negligent misrepresentation, and common law fraud.  As to Ms. Luster, appellants allege that, by
approving misleading company advertising, she misrepresented to potential
students the adequacy of education provided at the Houston campus and
misrepresented the computer capabilities of the Houston campus.

Luster
neither resides nor does business in Texas. 
Consequently, she filed a special appearance which the trial court
granted, dismissing Luster from the suit. 
Appellants complain that the trial court erred in granting Luster=s special appearance.[2]  We affirm.

F A C T U
A L  B A C K G R O U N D

Sue
Luster serves as vice president and chief operating officer of CLC.  In connection with these positions, she is in
charge of all media and audio advertising for the corporation.  Appellants, who are all students of the
Houston campus of CLC, in addition to suing CLC, sued Luster individually.  On appeal they claim that she approved
misleading advertisements for CLC.

 








D I S C U
S S I O N  A N D  H O L D I N G S

JURISDICTION
IN TEXAS

A.  Standard of Review

The
plaintiff bears the initial burden of pleading sufficient allegations to bring
a nonresident defendant within the provisions of the long-arm statute.  BMC Software Belgium, N.V. v. Marchand,
83 S.W.3d 789, 793 (Tex. 2002).  A defendant
challenging a Texas court=s personal jurisdiction over it must negate all
jurisdictional bases.  Id.  

Whether
a court has personal jurisdiction over a defendant is a question of law.  Am. Type Culture Collection, Inc. v.
Coleman, 83 S.W.3d 801, 805B06 (Tex. 2002); Marchand, 83 S.W.3d at 794.  But in resolving this question of law, a
trial court must frequently resolve questions of fact.  Id. at 806; Marchand, 83 S.W.3d
at 794.  On appeal, the trial court=s determination to grant or deny a
special appearance is subject to de novo review, but we may be called upon to
review the trial court=s resolution of a factual dispute.  Coleman, 83 S.W.3d at 806.  When the trial court does not issue findings
of fact, we presume that the trial court resolved all factual disputes in favor
of its judgment.  Id.  However, when the appellate record includes
the reporter=s and clerk=s records, these implied findings are
not conclusive and may be challenged for legal and factual sufficiency.  Marchand, 83 S.W.3d at 795.

B.  The Texas Long-Arm Statute

A Texas
court may exercise jurisdiction over a nonresident where  (1) the Texas long-arm statute authorizes the
exercise of jurisdiction; and (2) the exercise of jurisdiction is compatible
with federal and state constitutional guarantees.  Schlobohm v. Schapiro, 784 S.W.2d 355,
356 (Tex. 1990); Shearson Lehman Bros. v. Hughes, Hubbard & Reed,
902 S.W.2d 60, 63 (Tex. App.CHouston [1st Dist.] 1995, writ denied).








The
Texas long-arm statute provides that, A[i]n addition to other acts that may
constitute doing business, a nonresident does business in this state if the
nonresident . . . commits a tort in whole or in part in this state . . . .@ 
Tex. Civ. Prac. & Rem. Code ' 17.042(2).  The broad language of the Texas long-arm
statute=s Adoing business@ requirement has been construed to
reach as far as the federal constitution allows.  Guardian Royal Exch. Assurance, Ltd.
v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991).  Accordingly, to determine whether a Texas
state court may exercise jurisdiction over a nonresident, we look to federal
due process requirements.  Id.

C.  Federal Due Process Requirements and Types of
Jurisdiction

Federal
due process requirements limit a state=s power to assert personal
jurisdiction over nonresident defendants. 
Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 413B14 (1984).  In a state court=s exercise of personal jurisdiction,
it determines whether due process is satisfied by deciding (1) whether the
nonresident defendant has purposely established minimum contacts with the forum
state;  and (2) if so, whether the
exercise of jurisdiction comports with traditional notions of Afair play and substantial justice.@ 
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475B76 (1985).

In
essence, the minimum contacts analysis turns on a determination of whether the
nonresident defendant Apurposely availed@ herself of the privilege of doing
business in a forum, which in turn invokes the benefits and protections of its
laws.  Guardian Royal, 815 S.W.2d
at 226.  The Apurposeful availment@ requirement ensures that a
nonresident defendant cannot be haled into a jurisdiction for merely random,
attenuated, or fortuitous contacts, or for the unilateral act of another party
or other person.  Id.








There
are two types of jurisdiction:  general
and specific.  Schlobohm, 784
S.W.2d at 358.  Appellants allege that
Texas can exercise only specific jurisdiction over Luster;  they do not allege that Texas has general
jurisdiction over Luster.  For a court to
exercise specific jurisdiction over a nonresident defendant, the cause of
action must arise out of, or relate to, the nonresident defendant=s contact with the forum state.  Guardian Royal, 815 S.W.2d at
227.  Otherwise, the minimum contacts= requirement is left
unsatisfied.  Id.  AWhen specific jurisdiction is
asserted, the minimum contacts analysis focuses on the relationship among the
defendant, the forum and the litigation.@ 
Id. at 228.  Generally,
jurisdiction over an individual cannot be based on jurisdiction over a
corporation.  Vosko v. Chase Manhattan
Bank, N.A., 909 S.W.2d 95, 99 (Tex. App.CHouston [14th Dist.] 1995, writ
denied); Clark v. Noyes, 871 S.W.2d 508, 518 (Tex. App.CDallas 1994, no writ).  An individual=s minimum contacts are Anot to be judged according to their
employer=s activities [in the forum].  On the other hand, their status as employees
does not somehow insulate them from jurisdiction.  Each defendant=s contacts with the forum State must
be assessed individually.@ Calder v. Jones, 465 U.S. 783, 790 (1984).  An individual is subject to the forum=s jurisdiction if (1) the corporation
is the alter ego of the individual, (2) the individual is advancing his own
interest, not the corporation=s, or (3) she commits a tort for which she would be
individually liable even if the act was within the course and scope of
employment.  Stuart v. Spademan,
772 F.2d 1185, 1197 (5th Cir. 1985); Saktides v. Cooper, 742 F. Supp.
382, 385 (W.D. Tex. 1990).  In making a
decision, the court is to look at the totality of the circumstances.  Stuart, 772 F.2d at 1192. 

Thus,
ultimately, the question before us is whether appellant=s claims arose out of contacts that
Luster purposefully directed toward this State. 
Appellants allege that the trial court erred in sustaining Luster=s special appearance because it
failed to consider evidence that a tort occurred in Texas.  Since no findings of fact were filed, we
assume that the trial court made all findings of fact necessary to support the
judgment.  See Garner v. Furmanite
Australia Pty., Ltd., 966 S.W.2d 798, 802 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied).  Therefore, after we review all
the evidence, we then may reverse the trial court=s decision only if its ruling is
supported by no evidence or by insufficient evidence.  In re King=s Estate, 150 Tex. 662, 244 S.W.2d 660, 661
(1951); Runnells v. Firestone, 746 S.W.2d 845, 849 (Tex. App.CHouston [14th Dist.] 1988), writ
denied per curium, 760 S.W.2d 240 (Tex. 1988). 

 








D.  The Evidence Presented in the Trial Court

We now
turn to the evidence presented in the trial court.  Luster is a resident of Virginia.  She does not own property in Texas, nor does
she maintain a place of business in Texas. 
She is vice president and chief operating officer of CLC, a Delaware
Corporation with its principal place of business in Fairfax, Virginia.  Her duties in CLC include overseeing all
media and audio advertising, including advertising that reached appellants.

Appellants
claim that advertising, approved by Luster, misrepresented the quality of the
education offered by CLC and misrepresented the characteristics and qualities
of the CLC Houston staff, as well as its facilities and computers.  They do not claim that Luster subjected
herself to Texas jurisdiction because of other acts.  They assert Luster, individually, can be
forced to come to trial in Texas solely because she approved advertising while
outside of this state.  

Assuming
without deciding that the act of approving advertising can constitute a tort,
Appellants have not shown that Luster, through CLC=s advertising, misrepresented the
quality of the education offered by CLC, because we do not have the
advertisements in our record.  The
pleadings do not even contain copies of the advertisements.  Moreover, in her special appearance, Luster
stated that she never made any misrepresentations to any of the appellants, and
never committed any tort outside of the State of Texas which had its effects
felt in the State of Texas.  And, as
important, at the special appearance hearing, the court asked appellants what
Luster did in an individual capacity to subject herself to Texas
jurisdiction.  Appellants replied A[In h]er individual capacity [as]
such, I can=t sit here and look the Court in the
eye with any candor and say[.][3]  I don=t know of anything individually.@








Thus,
the state of the record is such that it contains no proof of a
misrepresentation in Texas as alleged by appellants, and otherwise no proof
that would subject Luster to the jurisdiction of Texas courts.  In short, nothing contradicts the trial court=s ruling.  Therefore, we cannot say that the trial court=s decision is legally or factually
insufficient. 

E.  Weitzel v. Barnes

In
response to this line of cases, appellants direct us to Weitzel v. Barnes
in support of their argument that Luster could be held individually liable
under the Texas Deceptive Trade Practices Act for making misrepresentations to
a consumer, and should accordingly be subject to jurisdiction in Texas.  See Weitzel v. Barnes, 691 S.W.2d 598,
601 (Tex. 1985).  In Weitzel, the
Texas Supreme Court held that under the Texas DTPA, Athere can be individual liability on
the part of a corporate agent for misrepresentations made by [her].@ 
Id. 

For two
reasons, Weitzel is not the controlling authority here.  First, we note again that the advertisements
containing the alleged misrepresentations were not included in the record, so
the record contains no proof of misrepresentations.  Second, Weitzel explains when an
employee of a corporation may be held liable personally under the Texas
DTPA.  Id.  It does not address the additional, prefatory
question we have here: whether Luster can even be sued in Texas.  Thus, when determining if a plaintiff may sue
an out-of-state employee in Texas and not violate due process concerns, we must
turn instead to those cases that outline when Texas courts may assert personal
jurisdiction over an out-of-state individual. 
Those cases hold that, absent evidence that the individual (1) was the
alter ego of the corporation, (2) advanced his own interests and not the
corporation=s, or (3) committed a tort in the
state for which he would be individually liable, Texas cannot assert
jurisdiction over the individual merely because she acted as the agent of the
corporation.  Stuart, 772 F.2d at
1197; Vosko, 909 S.W.2d at 99; see also Cadle v. Graubart, 990
S.W.2d 469, 472 (Tex. App.CBeaumont 1999, no pet.).

 

 








S U M M A
R Y

In
summary, after reviewing the record in its entirety and considering the parties= arguments, we find that Luster did
not have sufficient minimum contacts with Texas for the courts of this State to
assert jurisdiction over her.  Therefore,
we affirm the trial court=s decision to grant Luster=s special appearance.

 

 

 

 

/s/        Wanda
McKee Fowler

Justice

 

 

Judgment rendered and Memorandum
Opinion filed March 16, 2004.

Panel consists of Justices Anderson,
Fowler, and Edelman.

 











[1]  In addition to
Sue Luster, appellants= suit originally included the following officers: Reid
Bechtle, Charles Cosgrove, Ira Cohen, Stephen Reynolds, Harry Gaines, John Corse,
Ralph Clark and Mark Nasser.  At oral
argument, counsel for appellants informed us that appellants wish to pursue an
appeal from the trial court=s dismissal of Sue Luster, but not as to any of the
other individual defendants.





[2]   At oral
argument, counsel for appellants conceded the following: (1) appellants no
longer argue that Luster waived her special appearance by filing a motion to
quash discovery; and (2) other than whether the trial court erred in granting
the special appearance as to Luster, no issues are now pending before this court.





[3] In the record, this is punctuated with a comma,
rather than a period.  After reading this
sentence in its context, it appears that, in order for the sentence to make
sense, the punctuation should have been a period.