

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00151-CV

**CORNERSTONE LAND, LTD,**

                                                              **Appellant**

 **v.**

**LETICIA SANCHEZ PIERCE AND
PANTALEONA CASTANEDA,**

                                                              **Appellees**

**From the 66th District Court
Hill County, Texas
Trial Court No. 46,861A**

## MEMORANDUM OPINION

Cornerstone Land Ltd. and Pantaleona Castaneda entered into a contract for the sale of property referred to as tract #35. Cornerstone conveyed the property to Castaneda by deed dated January 20, 2006.[1] The deed did not contain a reservation of minerals. Almost one month later, Castaneda conveyed tract #35 to herself, Arturo Castaneda, Sr., and Arturo Castaneda, Jr. On July 28, 2006, the Castanedas conveyed tract #35 to Leticia Pierce without a reservation of minerals. Cornerstone executed a

---

[1] Cornerstone also conveyed property referred to as tract #34 to Castaneda. Castaneda filed suit against Cornerstone. That cause has been severed and is not before us on appeal.

Correction Warranty Deed on April 18, 2008 reserving all oil and gas minerals, but conveying all hard minerals. Pierce executed an oil and gas lease on tract #35 with Forest Oil Corporation that was recorded on April 24, 2008. Pierce filed suit to remove the Correction Warranty Deed from the title to tract #35 and for quiet title to the property. The trial court granted Pierce's motion for summary judgment, and Cornerstone appeals. We affirm.

In the sole issue on appeal, Cornerstone argues that the trial court erred in granting Pierce's motion for summary judgment and in failing to apply *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903 (Tex. 1982). When a party files a traditional motion for summary judgment, the standard of review is well settled. Questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant indulging all reasonable inferences in favor of the nonmovant to determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

A purchaser is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims. *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d at

908. Any description, recital of fact, or reference to other documents puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained. *Id*.

The contract for sale between Cornerstone and Castaneda stated that Cornerstone is conveying all hard minerals but no oil and gas minerals. That reservation was not stated in the deed. The deed contained Exhibit "B" which referenced the contract for sale in paragraph 8 by stating:

> In case any one or more of the provisions contained in this Contract of Sale shall for any reason be held to be invalid, illegal, or unenforceable, such invalidity, illegal, or unenforceable [sic] shall not affect any other provision hereof, and this Contract of Sale shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

The deed conveying the property to Pierce also included an Exhibit "B" referencing the contract for sale. There is no dispute that the contract for sale was not recorded and that Pierce was not provided a copy of the contract for sale.

Cornerstone specifically argues that Pierce was put on notice of the contents of the contract for sale reserving the minerals to tract #35 when Castaneda conveyed the deed to her on July 28, 2006 because the deed contained the reference to the contract of sale. Cornerstone contends that *Westland* supports its argument, and that the trial court did not apply the rule set out in *Westland*.

*Westland* holds that a purchaser is bound by references in the deed that form an essential link in the chain of title. In the case before us, the reference to the contract for sale was not an essential link in the chain of title. When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. *Alvarado v. Bolton*, 749 S.W.2d 47, 48 (Tex. 1988). Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties. *Id.*

On the facts before us, any holding that the purchaser was put on notice by the reference in the deed to the contract of sale and imposing a duty on the purchaser to inquire as to every unrecorded document related to the property would put a burden on the transfer of real property. We decline to expand *Westland* to create such a burden.

The trial court did not err in granting Pierce's motion for summary judgment and in refusing to apply *Westland*. We overrule Cornerstone's sole issue on appeal.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed October 27, 2010
[CV06]