

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00032-CV

Jim **RYMES**, Carol Rymes, Doug Vaughn, Betty Vaughn,
Joe Cramer, Patsy Cramer, and Frank Schultz,
Appellants

v.

**CARIBBEAN COWBOY, LLC** d/b/a Caribbean Cowboy RV Resort,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CV-10-082
Honorable Stephen B. Ables, Judge Presiding

**OPINION ON MOTION FOR REHEARING**

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  April 18, 2013

MOTION FOR REHEARING DENIED

On our own motion, we withdraw our prior opinion and order dated February 27, 2013, and this opinion and order are substituted. In appellants' motion for rehearing, appellants assert that this court erroneously analyzed the reliance element of their DTPA claims alleging misrepresentations relating to the terms of the lease transactions and the rights of their heirs.

As noted in the opinion, with regard to appellants' DTPA claims, the jury was asked whether "Caribbean Cowboy engage[d] in any false, misleading or deceptive act or practice *that*

***the Plaintiffs relied on to his/her detriment*** and that was a producing cause of damages to any Plaintiff." (emphasis added). *See Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 824 (Tex. 2012) (noting reliance is an element of a section 17.50(a)(1) DTPA claim); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 (Tex. 2003) (same); *Spector v. Norwegian Cruise Line, Ltd.*, No. 01-02-00017-CV, 2004 WL 637894, at *7 n.16 (Tex. App.—Houston [1st Dist.] March 30, 2004, no pet.) (noting *Weitzel v. Barnes*, 691 S.W.2d 598, 600 (Tex. 1985), which held reliance was not an element of recovery for a DTPA claim, was decided before the statute was amended in 1995 to require detrimental reliance). The appellants contend this court erroneously relied on non-DTPA cases to hold that the appellants could not justifiably rely on an oral representation that directly contradicts the express terms of the parties' written agreement. In support of this contention, however, appellants rely on *Weitzel* and other decisions holding that the parol evidence rule does not preclude the admissibility of oral representations to prove a DTPA claim when a written contract exists. *See Weitzel*, 691 S.W.2d at 599; *Mear v. West Loop Automotive, Ltd.*, No. 04-04-00402-CV, 2005 WL 543987, at *102 (Tex. App.—San Antonio March 9, 2005, no pet.). None of these cases, however, holds that the express written terms of a contract cannot preclude reliance on oral representations that are directly contradictory to those terms. Although the cases cited in our opinion address non-DTPA claims, the cases are discussing the reliance element of those claims. Even if the appellants are correct, however, in arguing that these decisions do not preclude a finding of reliance as a matter of law, the jury was free to consider the terms of the written leases in determining whether the appellants relied on any alleged oral misrepresentation regarding ownership of the lots as opposed to the lease transactions reflected in the leases executed by the appellants. Although the appellants testified that they relied on oral representations and promotional material that referred to ownership, it was within the jury's

province to give more weight to the terms of the leases and the testimony by Anita Carol Hall that they were "very clear to everyone that there was no deed, that it was always a lease."

With this further clarification, appellants' motion for rehearing is denied.

Catherine Stone, Chief Justice